**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YY GLOBAL SUPPLY INC. <br><br> Plaintiff, <br><br> v. <br><br> SAFE AND CLEAN PROTECTION, LLC, AMS VENTURES LLC, AARON SELLS, MICHAEL SCHWARTZ, and JOHN DOE, <br><br> Defendants. | Case No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, YY Global Supply, Inc. ("YYGS"), by and through its undersigned counsel, complains of Defendants Safe and Clean Protection, LLC ("Safe and Clean"), AMS Ventures LLC ("AMS"), Aaron Sells ("Aaron Sells"), Michael Schwartz ("Schwartz"), and John Doe's (collectively, the "Defendants") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. YYGS brings this civil action for breach of contract, misrepresentation and fraud, unjust enrichment, and unfair and deceptive practices in violation of New York General Business Law §349 arising out of Defendants' agreement to sell PPE face masks that Defendants' did not own or possess, and failure to reimburse YYGS for its unfulfilled purchase order.

2. Through this action, YYGS seeks reimbursement of the $193,998.06 it paid Defendants in exchange for products Defendants did not own or possess. Defendants concocted and successfully carried out a scheme to induce and defraud YYGS into paying them $193,998.06 in exchange for nothing. This scheme was not only carried out by the Defendant companies, but the individuals operating those businesses as well.

1

## PARTIES

3. Plaintiff YY Global Supply Inc. is a New York corporation with a principal place of business located at 2442 Ocean Avenue, Suite 4, Brooklyn, New York 11229. YYGS is a wholesale distributor of general merchandise including the distribution and sales of face masks, respirators, face shields, and other personal protective equipment ("PPE") products throughout the United States.

4. Defendant Safe and Clean Protection, LLC is a Massachusetts limited liability company with a principal place of business at 297 Newbury Street, Suite 3, Boston, MA 02115. Upon information and belief, Safe and Clean does business or has done business within New York. Upon information and belief, Defendant Aaron Sells and John Doe are owners, members, operators, and/or executives of Safe and Clean.

5. Defendant AMS Ventures, LLC is a Massachusetts limited liability company with a principal place of business at 2 Peach Tree Lane, Duxbury, MA 02332. Upon information and belief, AMS does business or has done business within New York. Upon information and belief, Defendants Aaron Sells and John Doe are owners, operators, and/or executives of AMS.

6. Defendant Aaron Sells is an individual residing at 68 Edgemere Rd., Quincy MA 02169. Upon information and belief, Defendant Aaron Sells is an owner, member, operator, and/or executive of Safe and Clean and AMS.

7. Defendant Michael Schwartz is an individual residing at 5845 Cleon Avenue, N. Hollywood, CA 91601. Upon information and belief, Defendant Schwartz is an employee or broker for Safe and Clean and AMS.

8. The John Doe Defendant is an employee, owner, operator, and/or executive of Safe and Clean and/or AMS. Despite YYGS's diligent investigation, it has been unable to identify the

true name and identity of the Doe Defendant at this time. YYGS believes that information obtained in discovery will lead to the identification of the Doe Defendant. YYGS will amend this Complaint to include the name and residence of the Doe Defendant once it has ascertained the same.

## JURISDICTION AND VENUE

9.  This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as complete diversity is present among YYGS and Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, YYGS is a New York corporation with a principal place of business in the State of New York. Defendant Aaron Sells resides in Massachusetts. Defendant Safe and Clean is a Massachusetts limited liability company. Safe and Clean's members identified on its registration with the Massachusetts Secretary of State, Robert Aussubel, and Aaron Sells, are residents of Massachusetts. Defendant AMS is a Massachusetts limited liability company. AMS' member identified on its registration with the Massachusetts Secretary of State, Aaron Sells, is a resident of Massachusetts. Defendant Schwartz resides in California.

10. This Court has jurisdiction over Defendants. Defendant Aaron Sells resides in Massachusetts and conducts business in New York. Defendant Schwartz resides in California and conducts business in New York. Defendants Safe and Clean and AMS are registered Massachusetts limited liability companies, maintain their principal places of businesses in Massachusetts, and transact business in New York.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within this district.

## FACTS

*Defendants' Misrepresentations to YYGS to Enter Agreement and Breach of the Agreement*

12. In or about July, 2021, YYGS was in the market to procure 199,998 boxes of three-ply ASTM level 2 face masks (the "Face Masks") to fulfill an order for a customer.

13. Mr. Eliezer Yusufov ("Mr. Yusufov") from YYGS sent a message through a social media group who sell PPE products asking whether anyone had three-ply face masks for sale.

14. In response to this posting, Schwartz, on behalf of Safe and Clean, contacted Mr. Yusufov and represented that he was Safe and Clean's "guy on the ground" in California and that he worked with Safe and Clean and was in the process of "vetting" masks that were available for purchase.

15. Schwartz represented to Mr. Yusufov that once the masks were "vetted" Safe and Clean would have the Face Masks for YYGS to purchase.

16. On or about August 1, 2021, Schwartz contacted Mr. Yusufov and represented that Safe and Clean had 200,000 boxes of Magic Care brand masks to sell and requested that YYGS send a $5,000 deposit in order to reserve these boxes for YYGS.

17. In furtherance of this statement, Schwartz sent YYGS an invoice for the deposit with payment instructions.

18. Later that day, in reliance on Schwartz's statements, YYGS sent Safe and Clean a deposit of $5,000, via Zelle, per Schwartz's instructions.

19. Upon information and belief, the $5,000 deposit YYGS sent to Safe and Clean was linked to Aaron Sells personal checking account.

20. On or about August 2, 2021, Schwartz hosted a Zoom call with Mr. Yusufov and Mr. Solomon Ylyaguev ("Mr. Ylyaguev") of YYGS and its customer.

21. During this Zoom call, Schwartz claimed that he was in the warehouse of the company in California who already sold the Face Masks to Safe and Clean and Schwartz showed the purported masks to YYGS and its customer and represented that Safe and Clean had secured the masks and was ready to proceed with the sale to YYGS.

22. In response, Mr. Yusufov requested that Safe and Clean provide YYGS with proof that Safe and Clean owned the Face Masks and that they were ready to be picked up.

23. Schwartz sent YYGS a redacted invoice which purported to show that Safe and Clean and/or AMS had purchased the Face Masks and that they were ready to be picked up.

24. Accordingly, through written correspondence, YYGS agreed to purchase and Defendants agreed to sell 199,998 boxes of Face Masks.

25. On August 2, 2021, Avery Sells from Safe and Clean, knowing that they did not have possession or ownership of the Face Masks, provided YYGS with an invoice on behalf of Defendants for $193,998.06 representing Defendants' agreement to sell and YYGS's agreement to purchase 199,998 "3-ply Masks – ASTM Level 2" (the invoice and corresponding communications, the "Agreement").

26. The Agreement contained an express representation by Defendants to YYGS that Defendants had "199,998 3-ply Masks – ASTM Level 2" available for purchase.

27. Pursuant to the terms of the Agreement, YYGS was directed to wire the funds to AMS's account at Bank of America.

28. That same day, pursuant to the Agreement and relying upon the representations of Defendants, YYGS completed payment by sending Defendants $188,998.06 via wire transfer to AMS per Defendants' instructions.

29. The $188,998.06 represented the amount owed for the Face Masks less the $5,000 deposit sent to Safe and Clean on August 1, 2021.

30. On or about August 2, 2021, in an email from Aaron Sells to Mr. Ylyaguev and Mr. Yusufov, Aaron Sells confirmed receipt of the wire transfer and that he will begin to process YYGS's order.

31. Since the date of YYGS's completed wire transfer, Defendants have failed to deliver the Face Masks Defendants agreed to sell to YYGS and have not demonstrated that they possess or own the inventory whatsoever.

### *Defendants' Misrepresentations After Entering Into the Agreement*

32. On or about August 6, 2021, Mr. Ylyaguev told Aaron Sells, via WhatsApp messaging, that in the event that an order pickup confirmation and location is not given by the end of the day, Safe and Clean is to issue a full refund immediately.

33. The order was not ready for pick up on August 6, 2021.

34. Repeatedly since the date of the Agreement, Defendants continued to misrepresent to YYGS that they will provide the Face Masks for YYGS to pick up. To date, Defendants have not delivered the Face Masks Defendants agreed to sell to YYGS.

35. On or about August 12, 2021, Aaron Sells, sent an email to Mr. Ylyaguev advising that he had "secured" YYGS's Face Masks and would be making the order available for pick up to YYGS by Monday, August 16, 2021.

36. Neither Aaron Sells nor anyone from Safe and Clean provided the Face Masks on August 16, 2021.

37. On or about August 16, 2021, Aaron Sells informed Mr. Yusufov, via a WhatsApp message, that Defendant AMS's vendor had failed to deliver the Face Masks to Safe and Clean and AMS's vendor had absconded with the $193,998.06 payment YYGS had made.

38. On or about August 17, 2021, Mr. Ylyaguev once again demanded a refund of its $193,998.06 payment as a result of Defendants' misrepresentations and breach of the Agreement.

39. On or about August 20, 2021, Aaron Sells informed Mr. Ylyaguev and Mr. Yusufov, via email, that he was tracking down the money that was allegedly taken by AMS's vendor and he would re-pay YYGS, with interest.

40. Specifically, Aaron Sells "guaranteed" to pay YYGS "$210k if paid by Monday (8/23), $230k if by Friday (8/27), $250k by Wednesday (9/1), $270k if by Friday (9/3). My partner Joe and I have a few very large closings next week and week after so ill [sic] regardless of us retracing the money – you will have my first money off the top in full from that . . . Trust me . . . I am not going anywhere and you're funds are being returned with interest."

41. On or about August 31, 2021, Mr. Ylyaguev again demanded a refund of its $193,998.06 payment as a result of Defendants' misrepresentations and breach of the Agreement.

42. To date, Defendants have failed to return YYGS's $193,998.06 payment.

43. As a result of Defendants' failure to fulfill YYGS's purchase and breach of the Agreement, YYGS has been damaged in the amount of $193,998.06 paid to Defendants, plus costs and fees.

44. Moreover, due to Defendants' failure to timely fulfill YYGS's purchase and breach of the Agreement, YYGS's potential customer has since sourced the masks from another source, resulting in lost profits to YYGS.

## COUNT I
## BREACH OF CONTRACT
**(Against Defendants Safe and Clean and AMS)**

45. YYGS hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. The Agreement is a valid and enforceable contract for value and is supported by adequate consideration.

47. YYGS fully performed its material obligations under the Agreement at all relevant times, including, but not limited to, completing payment of $193,998.06 to Defendants pursuant to the terms of the Agreement.

48. Defendants have acknowledged receipt of the $193,998.06 payment from YYGS.

49. Defendants materially breached the Agreement by failing to deliver the 199,998 Face Masks Defendants agreed to sell to YYGS pursuant to the terms of the Agreement.

50. As a direct and proximate result of Defendants' breach of the Agreement, YYGS has incurred and continues to incur monetary damages including, but not limited to, the amount of $193,998.06 paid to Defendants pursuant to the terms of the Agreement, lost profits in the form of lost sales, loss of goodwill, as well as costs and legal fees expended in an effort to recover YYGS's payment.

## COUNT II
## FRAUD AND MISREPRESENTATION
**(Against all Defendants)**

51. YYGS hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52. Defendants induced YYGS to enter the Agreement and pay Defendants $193,998.06 by making certain false, deceptive, misleading, and fraudulent representations and by

8

concealing material facts from YYGS, including, but not limited to, by misrepresenting that Defendants did not own or possess the 199,998 Face Masks Defendants agreed to sell to YYGS.

53. Defendants' affirmative misrepresentations and active concealments were of numerous material facts and made contemporaneously with the Agreement.

54. Specifically, on August 2, 2021, Schwartz held a Zoom call with YYGS representing that Schwartz was in California in the warehouse of the company selling the Face Masks to Safe and Clean and purportedly showing YYGS the Face Masks that were ready to be purchased.

55. After the Zoom call, YYGS spoke to Aaron Sells who confirmed that Safe and Clean purchased the Face Masks and were in possession of them and were awaiting payment from YYGS.

56. On or about August 2, 2021, Schwartz, on behalf of Safe and Clean, knowing Safe and Clean did not possess the 199,998 Face Masks, provided YYGS with an invoice allegedly showing that Safe and Clean had purchased the Face Masks and directed YYGS to wire the funds to AMS's account.

57. Upon information and belief, Schwartz knew this information was false and that Defendants did not actually possess the inventory.

58. Further, on August 12, 2021, Aaron Sells, knowing he did not possess the Face Masks, provided false information to YYGS that Defendants were procuring the Face Masks and represented to YYGS that the Face Masks would be delivered on August 16, 2021.

59. On August 20, 2021, Aaron Sells, knowingly and falsely stated that AMS's vendor had failed to deliver the Face Masks and had taken Defendants' funds, including YYGS's $193,998.06 payment.

60. Upon information and belief, Defendants' affirmative misrepresentations and concealments were made with knowledge of their falsity or that such facts were being misrepresented and were reasonably calculated to deceive and defraud YYGS.

61. Upon information and belief, Defendants made affirmative misrepresentations and concealments set forth herein with the intent to deceive and induce YYGS to enter the Agreement and pay Defendants $193,998.06.

62. YYGS reasonably relied on the affirmative misrepresentations and the concealments of Defendants in entering into the Agreement and paying Defendants $193,998.06.

63. YYGS reasonably relied on the affirmative misrepresentations and the concealments of Defendants expending additional time and costs in trying to obtain the Face Masks.

64. YYGS was, in fact, deceived to YYGS's detriment by the affirmative misrepresentations and concealments of Defendants.

65. Defendants were obligated not to affirmatively misrepresent material facts or to conceal material facts.

66. As a direct and proximate result of Defendants' affirmative misrepresentations and fraud, YYGS has incurred and continues to incur monetary damages including, but not limited to, the amount of $193,998.06 paid to Defendants pursuant to the terms of the Agreement, lost profits in the form of lost sales, loss of goodwill, as well as costs and legal fees expended in an effort to recover YYGS's payment.

**COUNT III**
**UNJUST ENRICHMENT**
**(Against Defendants Safe and Clean and AMS)**

67. YYGS hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68. Defendants have been unjustly enriched by virtue of their acceptance of YYGS's payment of $193,998.06, for which Defendants have refused to fulfill the purchase 199,998 Face Masks Defendants agreed to sell to YYGS.

69. Pursuant to the Agreement between Defendants and YYGS, Defendants were obligated to fulfill the purchase 199,998 Face Masks Defendants agreed to sell to YYGS.

70. YYGS only made payment to Defendants on the understanding that Defendants would fulfill the purchase of 199,998 Face Masks Defendants agreed to sell to YYGS.

71. To date, Defendants have not provided YYGS with the 199,998 Face Masks Defendants agreed to sell to YYGS.

72. Defendants knowingly and voluntarily received and accepted YYGS's payment of $193,998.06 with the full understanding of YYGS's reasonable expectation that its purchase of 199,998 Face Masks would be fulfilled by Defendants.

73. Defendants will be measurably and unjustly enriched at the expense of YYGS if Defendants are permitted to retain YYGS's payment of $193,998.06 and avoid fulfilling the 199,998 Face Masks Defendants agreed to sell to YYGS.

74. Equity demands that Defendants must be required to reimburse YYGS's payment of $193,998.06.

## COUNT IV
## VIOLATION OF N.Y. Gen. Bus. Law §349
### (Against Defendants Safe and Clean and AMS)

75. YYGS hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

76. New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce in the furnishing of any service in this state . . . ."

77. YYGS and Defendants are in the conduct of trade or commerce within the meaning of New York General Business Law §349.

78. Defendants directed their unfair and deceptive practices that they owned the Face Masks and were willing and able to sell the Face Masks to Plaintiff consumers in New York.

79. Defendants' representations that they owned the Face Masks and were willing and able to sell the Face Masks to YYGS induced YYGS to purchase the Face Masks for $193,998.06.

80. As detailed above, Defendants' agreement to sell 199,998 Face Masks that Defendants' did not own or possess, and misrepresentations regarding the same, constitute unfair and deceptive business acts.

81. As a direct and proximate result of Defendants' unfair and deceptive acts, YYGS has incurred and continue to incur monetary damages including, but not limited to, the amount of $193,998.06 paid to Defendants pursuant to the terms of the Agreement, lost profits in the form of lost sales, loss of goodwill, as well as costs and legal fees expended in an effort to recover YYGS's payment.

**PRAYER FOR RELIEF**

WHEREFORE, YY Global Supply Inc. prays for judgment in its favor and against Defendants providing for the following relief:

A. Award YYGS its damages suffered as a result of Defendants' acts, including, but not limited to, the $193,998.06 it paid to Defendants pursuant to the Agreement, as well as lost profits from lost sales and loss of goodwill;

B. Award YYGS interest at the maximum rate per annum on the amounts found to be due and owing to YYGS, from the date of breach or wrongful conduct until the date of judgment;

C. Award YYGS treble damages pursuant to N.Y. Gen. Bus. Law §349;

D. Award YYGS attorneys' fees and costs of suit herein incurred; and

E. Award YYGS such other and further relief as the Court may deem just and proper.

**JURY TRIAL CLAIM**

YY Global Supply Inc. hereby requests trial by jury as to all claims so triable.

Dated: November 10, 2021

Respectfully submitted,

By: _/s/ Sean R. Flanagan_
    Howard Rubin
    Sean R. Flanagan

GOETZ FITZPATRICK LLP
One Penn Plaza, 31st Floor
New York, New York 10119
Tel: (212) 695-8100
Fax: (212) 629-4013
Email: hrubin@goetzfitz.com
      sflanagan@goetzfitz.com
*Attorneys for Plaintiff YY Global Supply Inc.*